# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CENTRAL DIVISION

|  |  |
|---|---|
| ACCURATE CONTROLS, INC., | |
| Plaintiff, | **No. C08-3021-MWB** |
| vs. | **(No. C08-3035-MWB)** |
| | **(No. C09-3001-MWB)** |
| CERRO GORDO COUNTY BOARD OF SUPERVISORS, DEAN SNYDER CONSTRUCTION CO., and MERCHANTS BONDING COMPANY (MUTUAL), | **ORDER** |
| Defendants. | |

_____

This matter is before the court on the plaintiff's motion for protective order in connection with certain discovery requests made by the defendants. Doc. No. 20. The defendants have filed a resistance, Doc. No. 24, and the plaintiff has filed a reply, Doc. No. 25. The court held a hearing on the motion on February 18, 2009, at which Jeffrey A. Stone appeared on behalf of the plaintiff, and Stephen D. Marso appeared on behalf of the defendants.

This case involves a claim by the plaintiff, Accurate, for work it performed on the construction of the Cerro Gordo County Jail. The defendant Dean Snyder Construction Co. was general contractor for the project. Snyder hired Wubbens Electric as the electrical subcontractor. Wubbens, in turn, issued a purchase order to Accurate as the security subcontractor. Wubbens went out of business before the project was completed. Accurate finished its work on the project, but was not paid $328,441.95 due under its purchase order. All parties agree that Accurate completed its work on the project in a timely and satisfactory fashion.

When Accurate was not paid, it filed a claim under Iowa Code chapter 573, which provides, in part:

> Any person, firm, or corporation who has, under a contract with the principal contractor or with subcontractors, performed labor, or furnished material, service, or transportation, in the construction of a public improvement, may file, with the officer, board, or commission authorized by law to let contracts for such improvement, an itemized, sworn, written statement of the claim for such labor, or material, service, or transportation.

Iowa Code § 573.7. Accurate sought to recover the balance due under its purchase order from Wubbens, "together with interest, costs and attorneys fees as allowed by law." Doc. No. 1, Ex. 1. When the claim was not paid, Accurate filed suit in this court against the defendants pursuant to Iowa Code section 573.16, which provides, "any claimant for labor or material who has filed a claim . . . may . . . bring an action in equity to adjudicate all rights to [the retention] or to enforce liability on [the performance] bond."

After suit was filed, the parties engaged in discovery. The defendants requested, among other things, discovery of Accurate's internal estimating worksheet for the job and Accurate's purchase orders for materials used in the job. Accurate objected, and filed this motion for protective order. Accurate contends that under chapter 573, it is entitled to recover no less than the balance due under its purchase order from Wubbens. Accurate argues its job costs have nothing to do with its claim.[1] Accurate asserts documents relating to its costs on the job, such as estimating forms and purchase orders for materials, are not relevant and would not lead to the discovery of admissible evidence. The defendants disagree, arguing that Accurate is misinterpreting chapter 573. They argue Accurate is entitled to recover only the value of the labor and materials it provided on the project – a

---

[1] Accurate has filed a motion for summary judgement based on this argument. See Doc. No. 29.

sum the defendants claim can be gleaned only from examination of the requested documents.

Based on its interpretation of chapter 573, Accurate argues the defendants' request for production of these documents is not reasonably calculated to lead to the discovery of admissible evidence. Accurate also argues some of the documents contain trade secrets and confidential information, and disclosure of the documents would cause it serious harm. They allege this harm cannot be avoided by the entry of a standard protective order. Based on their interpretation of chapter 573, the defendants respond that they need these documents to prepare their defense. They also allege that the entry of a standard protective order will adequately protect any trade secret and any confidential information.

To begin with, the court rejects the defendants' argument, in footnote 1 of their brief, that simply because the plaintiff produced its employees' time records, the plaintiff has admitted "that the actual amount of labor performed is relevant to this case, not the terms of the contract." The court accepts Accurate's explanation that it produced the time records because the defendants requested those records and it did not deem them to contain trade secrets. The court finds that, by producing these records, Accurate did not waive its right to object to the production of its internal bid worksheets and purchase orders for materials, which it contends contains irrelevant, sensitive, and confidential information.

Federal Rule of Civil Procedure 26 provides, "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . ." Fed. R. Civ. P. 26(b)(1). Relevant information "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. *See Roberts v. Shawnee Mission Ford, Inc.*, 352 F.3d 358, 361 (8th Cir. 2003). The question here is whether information about how Accurate calculated its bid, or the value of the labor and materials Accurate provided on the Cerro Gordo County Jail project, might be relevant to any claim or defense, or whether the defendants' request for those

documents was calculated to lead to the discovery of admissible evidence. The parties have cited no direct authority on the question, and the court has found none.

The Iowa Supreme Court faced a similar issue in *Dobbs v. Knudson, Inc.*, 292 N.W.2d 692 (Iowa 1980). Earlier case authorities are not particularly helpful because, as the Iowa Supreme Court observed in *Lennox Industries, Inc. v. City of Davenport*, 320 N.W.2d 575 (Iowa 1982), cases predating *Dobbs* were "from an era when the predecessors of chapter 573 were strictly construed. . . . We now 'construe the statute liberally with a view to promoting its objects and assisting the parties in obtaining justice.'" *Id.*, 320 N.W.2d at 578 (quoting *Dobbs*, 292 N.W.2d at 694; other citations omitted).

The pertinent facts of *Dobbs* were these. William H. Dobbs and Bourke Lumber were subcontractors of Knudson, Inc., general contractor on the construction of a building at the Glenwood State Hospital School. Dobbs and Bourke had collective bargaining agreements requiring them to make payments to certain health, welfare, and pension trusts ("the trusts") based on the hours their employees worked. When disputes arose between Knudson and the subcontractors, the trusts filed claims under section 573.7 for payments Dobbs and Bourke owed to them. The trial court granted Knudson's motion for summary judgment on the trusts' claims, holding they "were for 'fringe benefits' rather than wages," and therefore the trusts' claims were not for labor or services within the meaning of section 573.7. *Dobbs*, 292 N.W.2d at 694. The Iowa Supreme Court "disagree[d] with this construction of the statute," and reversed. *Id.* In its analysis of the statute, the court held as follows:

> Section 573.7 requires that the claim be for "labor" or "service." Whether a claim is for labor or service is determined not by the nature of what the claimant receives but rather by the nature of what is done to be entitled to receive it. The issue, therefore, is not whether the payments to the trust funds are fringe benefits or wages but whether the employees of Dobbs and Bourke performed labor or service to become entitled to the payments on their behalf. . . .

The employees were laborers, carpenters and bricklayers who indisputably performed labor for Dobbs and Bourke on the project and thereby earned the right to have the payments made to the trusts pursuant to the collective bargaining agreements. Thus we hold that the payments to the trusts are for labor within the meaning of section 573.7.

This holding is consistent with prior cases decided under both chapter 573 and under chapter 572, the general mechanics' lien statute, which this court has said is analogous to chapter 573. . . . Cases under chapter 572 relied on by Knudson involved situations where items which were not part of the consideration for the labor or service were held not to be lienable. *See Wormhoudt Lumber Co. v. Union Bank & Trust Co.*, 321 Iowa 928, 934-35, 2 N.W.2d 267, 271 (1942) (workers' compensation insurance and social security taxes); *Monona County v. O'Connor*, 205 Iowa 1119, 1121, 215 N.W. 803, 804 (1927) (board and lodging). However, as the court explained in *Crane Co. v. Westerman*, 232 Iowa 1394, 1398, 8 N.W.2d 412, 414 (1943), those items were held not to be lienable only because they were not part of the consideration for the labor or service. Accordingly, in *Crane*, where the board and lodging were part of the agreed consideration for the labor, the items were held to be lienable. *Id.* at 1397, 8 N.W.2d at 413-414. It is established in this case that the applicable collective bargaining agreement made payments into the trusts a part of the consideration for the employees' labor, and thus, under *Crane*, the trust contributions are lienable.

*Dobbs*, 292 N.W.2d at 694-95.

The defendants argue that, despite the Iowa Supreme Court's holding in *Dobbs*, Accurate is entitled to recover only the value of the labor and materials it provided on the project. Otherwise, according to this argument, the repeated references to "labor" and "materials" in Chapter 573 would be meaningless. The court does not accept this argument. The words "labor" and "materials" in Chapter 573 describe the nature of what

must be provided to the public corporation to give rise to a claim under the chapter. They do not limit what may be included within such a claim. *See Dobbs*, 292 N.W.2d at 694.

Under the principles announced by the court in *Dobbs*, Accurate's recovery in this case is not limited to the value of the labor and materials it provided on the project. Accurate's bid undoubtedly included other items, such as overhead and profit, for which it is entitled to be compensated. Such items were "part of the consideration for the labor or service" Accurate expected to receive when it entered into its contract with Wubbens. *See id.*; *see also Economy Forms Corp. v. City of Cedar Rapids*, 340 N.W.2d 259, 264-65 (Iowa 1983) (affirming a judgment under chapter 573 for "unpaid rentals," not limited by the value of the rented materials); *Rohlin Constr. Co. v. Lakes, Inc.*, 252 N.W.2d 403, 406 (Iowa 1977) (holding the similar mechanics' lien statute "does not restrict the dollar amount of a mechanic's lien to the reasonable value of services provided as claimed by defendants . . .[, but] permits a mechanic's lien to secure the entire contract price"). Accurate is entitled to claim compensation for all of these items, in addition to the value of its costs and materials.

This does not mean, however, that Accurate necessarily is entitled to recover the entire balance of the purchase order, although that likely will be the result in most cases. Under section 573.6, a performance bond must provide for payment of "all *just claims* due [a claimant] for labor performed or materials furnished, in the performance of the contract on account of which this bond is given." (Emphasis added.) Such bonds also must provide that "the principal and sureties shall not be liable [on the bond] unless the claims of said claimants . . . have been *established as provided by law*." (Emphasis added.) Section 573.7 provides that claims must be "itemized." Section 573.18 provides that claims are to be paid in the following order: (1) costs of the action, (2) claims for labor, (3) claims for materials, and (4) claims of public corporations.

Together, these provisions establish that a claimant under chapter 573 is not entitled to recover the entire contract balance in every case. The claim must be "just," and must be "established by law." The claim must be "itemized," which requires more than a simple statement of what is due. In some cases, in order to establish claim priority, the claim would have to be divided between costs, labor, and materials. The defendants are entitled to discover relevant, admissible evidence on these issues, and documents calculated to lead to the discovery of admissible evidence on the issues.

Under Federal Rule of Civil Procedure 26(c)(1), the court may issue an order forbidding or limiting discovery, or requiring that a trade secret or other confidential or commercial information not be revealed, or revealed only in a specified way. The court finds that the "estimating form" or "internal bid worksheet" need not be produced. The document would not be relevant to any issue in this case, nor would it lead to the discovery of admissible evidence. Also, it is a proprietary, confidential commercial document, and the production of the document in this lawsuit would cause unnecessary harm to Accurate. On the other hand, the requested purchase orders and other requested documents are discoverable and must be produced. The interests of Accurate and its suppliers in the confidentiality of these documents can be protected adequately by the entry of a standard protective order.

Accordingly, the plaintiff's motion for protective order is **granted in part and denied in part**. The internal bid worksheet (estimating form) need not be produced. The

remaining requested documents must be produced **by March 2, 2009**, under the terms of the protective order entered concurrently with this order.

**IT IS SO ORDERED.**

**DATED** this 23rd day of February, 2009.

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT